1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10
11

JAMES HULING,

CASE NO. 1:12-cv-01980-LJO-SAB

12

Plaintiff,

**ORDER ON MOTION TO DISMISS,**
**MOTION FOR SANCTIONS, AND**

13

vs.

**MOTION TO REMAND** (Docs. 10, 12, 16)

14

CITY OF LOS BANOS, et al.,

15

Defendants.

16

_____/

17

**I. INTRODUCTION**

18         Plaintiff, James Huling, brings this lawsuit against the City of Los Banos ("City"), its Chief of

19    Police Gary Brizzee, City Police Officer Eddie Dolzadelli, and Does 1 through 5 (collectively

20    "defendants").  Plaintiff alleges five state law claims and two federal civil rights claims.  Now before

21    the Court is defendants' motion to dismiss the complaint in its entirety based on res judicata.  Also,

22    before the Court is defendants' motion for sanctions and attorney's fees on the ground that the complaint

23    is frivolous.  In lieu of an opposition, plaintiff moves to sever and remand this action back to state court.

24    Plaintiff also requests monetary sanctions.  For the reasons discussed below, this Court GRANTS

25    plaintiff's motion to remand and DENIES plaintiff's request for sanctions.  This Court DENIES

26    defendants' motion to dismiss as moot and DECLINES to address defendants' motion for sanctions and

27    attorney's fees.

28

1

## II. BACKGROUND

**A.** ***Huling I***

On October 26, 2011, plaintiff filed a complaint with this Court against the City of Los Banos ("City"), its Chief of Police Gary Brizzee, and City Police Officer Eddie Dolzadelli.[1]  In his first amended complaint he alleged five state law claims for: (1) invasion of privacy, (2) defamation, (3) intentional infliction of emotional distress, (4) intentional interference with advantageous relationships, and (5) negligence.  In addition, plaintiff advanced two federal civil rights claims under 42 U.S.C. §§ 1983 and 1986.  Defendants filed a motion to dismiss plaintiff's complaint in its entirety.  This Court dismissed plaintiff's federal claims with prejudice and declined to exercise supplemental jurisdiction over the remaining state law claims.

**B. The Instant Action**

On May 8, 2012, plaintiff filed the instant action in Merced County Superior Court against the same defendants as in *Huling I* and alleged the same seven causes of action.  On December 4, 2012, defendants removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (Doc. 1).  Now before the Court is defendants' motion to dismiss the complaint in its entirety based on res judicata.  (Doc. 10).  Also, before the Court is defendants' motion for sanctions and attorney's fees on the grounds that the complaint is frivolous.  (Doc. 12).

In lieu of an opposition, plaintiff moves to sever and remand the action back to state court on the basis that the federal claims were dismissed thus, this Court lacks jurisdiction.  (Docs. 16, 17).  Plaintiff also requests monetary sanctions.  (Doc. 16).  This matter was originally set for hearing on January 22, 2013, but this Court found it suitable for decision without oral argument and vacated the hearing date.

## III. DISCUSSION

**A. Plaintiff's Motion to Sever and Remand Removed Action**

In plaintiff's motion to sever and remand, he contends that removal was improper.  In a confusing argument, he appears to argue that the federal claims were dismissed thus, this Court lacks federal

---

[1] Defendants request this Court to take judicial notice of the file in Case No. 1:11-cv-01797 ("*Huling I*"), pursuant to FED. R. EVID. § 201.  Defendants' request is GRANTED.  *See In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (recognizing that a court may take judicial notice of its own records in other cases).

1   question jurisdiction.  In defendants' response, they point out that the complaint clearly alleges federal

2   claims thus, removal was proper but that they do not oppose remand of the state law claims so long as

3   plaintiff eliminates all causes of action or theories of recovery based on federal law from the complaint.

4   (Doc.  19).  In reply,  plaintiff explains that on January 3, 2013, the parties agreed that an amended

5   complaint would be submitted which eliminated all causes of action and theories of recovery based on

6   federal law.  (Doc. 21).  Attached to plaintiff's reply is an amended complaint which contains state law

7   causes of action only.  (Doc. 22-2).  Because plaintiff has eliminated from his amended complaint all

8   causes of action and theories of recovery based on federal law and the parties agree that remand of the

9   state law claims is appropriate, this Court CONSTRUES the complaint at Doc. 22-2 as an amended

10  complaint and GRANTS plaintiff's motion to remand this case to state court.[2]

11  **B. Plaintiff's Request for Sanctions**

12      Plaintiff requests sanctions based on his argument that there was no basis for removal or for the

13  motion to dismiss.  Plaintiff's request is DENIED.  As pointed out by defendants, plaintiff's initial

14  complaint clearly alleged causes of action under federal law.  (Doc. 1, p. 18, 23).

15  **C. Defendants' Motion for Sanctions**

16      Defendants request sanctions, attorney's fees, and costs pursuant to Cal. Civ. Proc. Code §

17  128.7,[3]  because plaintiff filed the same federal claims in state court that were previously dismissed by

18  this Court in *Huling I*.  (Doc. 12, 13).  "[I]n order to prevent a party from escaping sanctions for its

19  improper conduct- as defined by state law- while in state court, upon removal of the case, a federal court

20  may impose sanctions under [state law]."  *See Griffen v. City of Oklahoma City*, 3 F.3d 336, 341 (10th

21  Cir. 1993).  However, because this case is remanded for all further proceedings, this Court DECLINES

22  to rule on defendants' motion.  Defendants may re-file their motion for sanctions in state court.

23  **IV. CONCLUSION AND ORDER**

24      For the reasons discussed above, this Court CONSTRUES the complaint at Doc. 22-2 as an

25  amended complaint, GRANTS plaintiff's motion to remand, and DENIES plaintiff's request for

26  _____

27  [2] This Court acknowledges that plaintiff alleges various federal law violations in his amended complaint but construes these references as statements of fact in support of his state law claims and not federal causes of action.

28  [3] Cal. Civ. Proc. Code § 128.7 allows sanctions for the filing of a frivolous pleading.

1   sanctions.  This Court DENIES defendants' motion to dismiss as moot and DECLINES to address

2   defendants' motion for sanctions and attorney's fees.  This action is REMANDED to the Merced County

3   Superior Court of California for all further proceedings.  This order terminates this action in its entirety.

4   The clerk is directed to close this action.

5

6

7

8

9

10

11

12

13           IT IS SO ORDERED.

14   **Dated:   January 25, 2013           /s/  Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28